UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. C. BRADDOCK, JR.,

    Plaintiff,

v.                                              Case Number: 09-cv-10586
                                               HONORABLE STEPHEN J. MURPHY, III

M. MAURER, *et. al.*,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying those standards, Plaintiff's action will be dismissed for failure to state a claim.

## I.  Discussion

### A.  Factual allegations

Although Plaintiff is presently incarcerated at the Michigan Reformatory in Ionia, Michigan, his complaint arises as a result of an incident that occurred at the St. Louis Correctional Facility in St. Louis, Michigan.  On July 13, 2008, Plaintiff was sent to the hole for alleged sexual misconduct.  When he returned on September 10, 2008, he discovered that his television, tape player, headphones, and three tapes were missing.  He subsequently filed a grievance contending that the Defendants did not secure his property when he was sent to the hole and thus violated prison policies.  An investigation determined that Plaintiff, himself, was responsible for the loss of his property because he had not secured it when he went to the restroom. Plaintiff's property was found not when his belongings were packed.

Plaintiff brings this action against Resident Unit Officers M. Maurer and R. Newville. For relief, he seeks monetary damages.

### B.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S.Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). Here, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974; *see also United States ex rel SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Pursuant to the Fourteenth Amendment's Due Process Clause, no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A prisoner asserting a due process violation with regard to the deprivation of personal property must demonstrate either (1) that his loss resulted from an established unconstitutional state procedure, or (2) that a "random and unauthorized" act caused his deprivation, and that no state remedies are available to compensate him for his loss. *See Hudson v. Palmer*, 468 U.S. 517, 533, (1984); *Warren v. City of Athens, Ohio*, 411 F.3d 697, 709-710 (6th Cir. 2005). In this case, because Plaintiff is not complaining

of an established prison policy condoning the unconstitutional deprivation of prisoners' property, he must satisfy the second test. In order to succeed, Plaintiff must both plead and prove that state remedies for redressing the alleged wrongful deprivation are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

Plaintiff does not allege that state post-deprivation remedies are inadequate. In fact, numerous state post-deprivation remedies are available to him. A prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr. Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419. Michigan law also provides for a civil action to recover possession of, or damages for, property unlawfully taken or detained. MICH. COMP. LAWS § 600.2920. In addition, Michigan law authorizes actions in the Court of Claims to recover for alleged unjustifiable acts of state officials. MICH. COMP. LAWS § 600.6401. The Sixth Circuit Court of Appeals has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Because Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his property, he has failed to state a claim that entitles him to relief under § 1983.

Against that backdrop, the Court dismisses Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

## II.  Conclusion

Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint.  Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

**IT IS SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  April 8, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager